**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NATHAN M. TEIBEL,<br><br>Plaintiff,<br><br>v.<br><br>3351 BRANDON ROAD CNT-PR, LLC; SADDLE CREEK CORPORATION d/b/a SADDLE CREEK LOGISTICS SERVICES; MORGAN/HARBOUR CONSTRUCTION, LLC; JOHN ALAN CONSTRUCTION, INC.; SCHMIDT STEEL, INC.; STATE MECHANICAL SERVICES, LLC; SULLIVAN ROOFING, INC.,<br><br>Defendants. | Case No. 1:24-cv-09459 |
| MORGAN/HARBOUR CONSTRUCTION, LLC,<br><br>Counter-Plaintiff,<br>v.<br><br>JOHN ALAN CONSTRUCTION, INC.; SCHMIDT STEEL, INC.; STATE MECHANICAL SERVICES, LLC; SULLIVAN ROOFING, INC.,<br><br>Counter-Defendants. | |
| MORGAN/HARBOUR CONSTRUCTION, LLC,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>MIDWESTERN STEEL FABRICATORS CHICAGO, LLC,<br><br>Third-Party Defendant. | |

**DEFENDANT MORGAN/HARBOUR CONSTRUCTION, LLC'S**
**MOTION FOR LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINT**
**AGAINST MIDWESTERN STEEL FABRICATORS CHICAGO, LLC**

Defendant/Third-Party Plaintiff, MORGAN/HARBOUR CONSTRUCTION, LLC ("MHC"), through its attorneys, Much Shelist, P.C., respectfully moves for leave of Court pursuant to Federal Rule of Civil Procedure 15(a)(2) to file its Amended Third-Party Complaint against Third-Party Defendant, MIDWESTERN STEEL FABRICATORS CHICAGO, LLC ("MIDWESTERN STEEL"), for the limited purpose of adding an additional count for breach of contract arising out of MIDWESTERN STEEL's failure to comply with its contractual insurance and flow-down indemnity obligations. In support, MHC states as follows:

**Procedural Background**

1. Plaintiff alleges that he was injured on October 4, 2022 while performing roof decking work on the Project at 3351 Brandon Road in Joliet, Illinois.

2. Plaintiff has sued, among others, MHC, Schmidt Steel, Inc. ("Schmidt Steel"), and John Alan Construction, Inc. ("John Alan").

3. MHC, as the Project's general contractor, filed a Third-Party Complaint against MIDWESTERN STEEL, its steel subcontractor, asserting claims for contribution and contractual indemnity.

4. MIDWESTERN STEEL, in turn, subcontracted portions of its steel and decking scope to Schmidt Steel and John Alan.

**Basis for the Proposed Amendment**

5. Under the Prime Contract between the Owner and MHC and the Subcontract between MHC and MIDWESTERN STEEL, MIDWESTERN STEEL was required to, among other things:

a. Bind all of its subcontractors and sub-subcontractors to the Prime Contract's indemnification obligations in favor of MHC; and

b. Require those entities to maintain insurance coverage meeting the Prime Contract's requirements and naming MHC as an additional insured.

6. During the course of this litigation, MHC has learned that Schmidt Steel and John Alan do not maintain insurance coverage in compliance with the Prime Contract and Subcontract, and that MIDWESTERN STEEL failed to require them to do so.

7. As a result, MHC has been deprived of the risk-transfer and insurance protection it was contractually entitled to receive and has been forced to defend itself without the benefit of the insurance and indemnity MIDWESTERN STEEL was obligated to procure.

8. MHC now seeks leave to add a narrow and targeted breach-of-contract claim against MIDWESTERN STEEL based on those failures.

**Leave Should be Freely Granted**

9. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely give[n] when justice so requires."

10. The proposed amendment does not add new parties, does not change the underlying facts of the accident, and does not expand the scope of discovery beyond issues already in dispute regarding contractual risk transfer and insurance coverage.

11. The amendment is based on information revealed in discovery and coverage investigation during this litigation, not on any undue delay or dilatory motive.

12. MIDWESTERN STEEL will suffer no prejudice from the amendment because:

a. The new claim arises from the same Subcontract and Prime Contract already at issue;

b. The same witnesses, documents, and insurance policies are implicated; and

c. The case schedule will not be disrupted.

13. However, denial of leave would substantially prejudice MHC by forcing it to litigate a separate action to recover the insurance and contractual protection it was entitled to receive for this very lawsuit.

14. Allowing the amendment will promote efficiency by ensuring that all disputes concerning contractual indemnity and insurance procurement are resolved in a single action, avoiding piecemeal litigation and inconsistent results.

WHEREFORE, Defendant/Counter-Plaintiff, MORGAN/HARBOUR CONSTRUCTION, LLC, respectfully requests that the Court grant leave to file its Amended Third-Party Complaint in the form attached hereto as **Exhibit A**, and for such other relief as the Court deems just and proper.

**MORGAN/HARBOUR CONSTRUCTION, LLC**

By: */s/ Sean M. Wagner*
One of its Attorneys

Sean M. Wagner (#6314209)
Patrick B. Barnett (#6326570)
**Much Shelist, P.C.**
191 North Wacker Drive | Suite 1800
Chicago, Illinois 60606
(312) 521-2000
swagner@muchlaw.com
pbarnett@muchlaw.com

## CERTIFICATE OF SERVICE

Sean M. Wagner, an attorney, certifies that on February 10, 2026, he caused ***DEFENDANT MORGAN/HARBOUR CONSTRUCTION, LLC'S MOTION FOR LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINT AGAINST MIDWESTERN STEEL FABRICATORS CHICAGO, LLC*** to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division by using the CM/ECF system, which will send notification of such filing to all parties of record.

***Attorneys for Plaintiff, Nathan M. Teibel***
Theodore L. Stacy
Ted Stacy Law Office
258 W US Highway 6
Valparaiso, IN 46385
attorneyted@mac.com

***Add'l Attorneys for Defendant, Morgan/Harbour Construction, LLC***
Mathew K. Hargrave
Lindsey A. Avalos
Fritz V. Wilson
Aiden Edward-Ammar
Best, Vanderlaan & Harrington
200 N. LaSalle St., Ste. 2600
Chicago, IL 60601
mhargrave@bestfirm.com
lavalos@bestfirm.com
fwilson@bestfirm.com
aammar@bestfirm.com
E-Service is accepted only at: eservice@bestfirm.com

***Attorneys for Defendant, 3351 Brandon Road CNT-PR, LLC***
Dean M. Athans
Keti Mebuke
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603
dean.athans@wilsonelser.com
keti.mebuke@wilsonelser.com

***Attorneys for Defendant, Sullivan Roofing, Inc.***
Joshua S. Patrick

Jeremy N. Boeder
KENNEDYS CMK LLP
30 S. Wacker Drive, Suite 3650
Chicago, IL 60606
Joshua.Patrick@kennedyslaw.com
Jeremy.Boeder@kennedyslaw.com

***Attorneys for Defendant, Schmidt Steel, Inc.***
Amy Hemmingsen
Urgo & Nugent, LLC
140 South Dearborn Street, Suite 1600
Chicago, IL 60603
ahemmingsen@urgoandnugentllc.com

***Attorneys for Defendant, John Alan Construction, Inc.***
James P. Kendzior
Hennessy & Roach, P.C.
70 W Madison St., Ste. 1100
Chicago, IL 60602
jkendzior@hennessyroach.com

***Attorneys for Defendant, State Mechanical Services, LLC***
James F. Clayborne
Michael L. Wagner
Clayborne & Wagner, LLP
525 W. Main Street, Suite 105
Belleville, Illinois 62220
jclayborne@claybornewagner.com
mwagner@claybornewagner.com

***Attorneys for Third-Party Defendant, Midwestern Steel Fabricators Chicago, LLC***
Jason E. Hunter
LITCHFIELD CAVO, LLP
303 West Madison, Suite 300
Chicago, IL 60606
hunter@litchfieldcavo.com

*/s/ Sean M. Wagner*